JUSTICE COTTER
dissents.
¶28 I dissent. I would conclude that the final decision of the Board was untimely. I would therefore reverse the decision of the District Court and remand with instructions to vacate and dismiss as void the untimely decision. Because I would do so, I would not reach Issue Two. ¶29 Section 2-4-623(l)(a), MCA, provides in pertinent part: “a final decision must be issued within 90 days after a contested case is considered to be submitted for a final decision unless, for good cause shown, the period is extended for an additional time not to exceed 30 days.” As the Court notes at ¶ 13, the timeline is not in dispute. A contested case hearing was held on March 12, 2008. The Hearing Officer then asked for briefs from the parties, the final of which was filed on May 2, 2008. At this point, with all the evidence and arguments having been presented, I maintain the case must be deemed submitted. The decision of the Hearing Officer was entered on February 3,2009,276 days later. What the Court in its Opinion deems the “final decision” of the Board was entered on April 6,2009,339 days after the case was submitted. Regardless of whether the Hearing Officer’s decision of February 3 or the Board’s decision of April 6 is considered the “final” decision, it was clearly issued more than 90 days *266 after the contested case was submitted, and is therefore untimely.
¶30 Without saying so expressly, the Court has impliedly ruled that the 90-day limitation set forth in § 2-4-623, MCA, did not commence to run until after the Board heard oral arguments. (The Board’s decision was issued “eighteen days after oral argument” (¶ 13); the Board “issued its order adopting the Hearing Officer’s proposal within ninety days after the matter was deemed submitted” (¶ 14).). In other words, we do not deem a matter “submitted for a final decision” until the hearing officer’s decision is reviewed by the officials of the agency who are to render the final decision-here, the Board of Public Assistance. Respectfully, this cannot be what MAPA intends. If this be the rule, then a hearing officer can sit on a case for 276 days, as here-or 776 days for that matter-and no timeframes will even commence to run until the hearing officer’s decision is in the hands of agency officials for final decision.
¶31 The question of when a case is deemed “submitted for a final decision” was raised recently in Knowles v. State ex rel. Lindeen, 2009 MT 415, 353 Mont. 507, 222 P.3d 595. The petitioner in that case argued that the decision of the Commissioner of Securities and Insurance was untimely under § 2-4-623(l)(a), MCA, because it was issued well beyond the 90-day timeframe. As I posit here, Knowles argued that his case was “submitted for a final decision” once the parties submitted their post-hearing briefs to the Hearing Examiner, and that a decision by the Commissioner rendered more than 90 days after this date was untimely and therefore void. We did not reach the merits of his argument, however, because the contested case at issue was submitted for hearing before the 90-day requirement was adopted and enacted into law in 2005 with the passage of SB 260. Knowles, ¶ 27.
¶32 The legislative history of SB 260 reveals that there was substantive debate about the introduction of the 90-day limitation. The sponsor of the bill, Senator Gary Perry, first proposed language providing: “[a] final decision must be issued within 90 days after a contested case hearing unless, for good cause shown, the period is extended for an additional time not to exceed 90 days.” Mont. S. 260.02, 59th Legis., 2005 Reg. Sess. 1 (Jan. 20, 2005). However, on April 15,2005, Governor Schweitzer proposed several amendments to SB 260. His letter proposing amendments provides in pertinent part:
Under my amendments, a written decision must be issued within 90 days after a contested case is deemed submitted for decision to the final decision maker. As the bill stands in its current form, the *267 90 day period begins to run from the time of the close of the contested case hearing. Because many procedural steps-such as the filing of exceptions and subsequent oral argument-may occur after the close of the hearing, and because scheduling difficulties at times prolong the completion of these steps, it is more realistic to require that the clock for issuance of the written decision begin to run after the case is deemed submitted, rather than at the close of the hearing.
Subsequently, Greg Petesch of Legislative Services proposed inserting language to the effect that a final decision must be issued within 90 days after a case “is considered submitted for decision to the final decisionmaker”; however, this language was not adopted. Rather, SB 260, as enacted, requires that a final decision must be issued “within 90 days after a contested case is considered to be submitted for a final decision.”
¶33 Thus, while the legislative history sheds some light on the contours of the debate and provides historical context, SB 260 as ultimately adopted does not clarify at what point “a contested case is considered to be submitted for a final decision.” Is it after the contested case hearing, after all post-hearing briefs and arguments have been completed and submitted to the hearing officer, or is it only after the full agency receives the decision of the hearing officer? Section 1-2-102, MCA, instructs that, in construing a statute, “the intention of the legislature is to be pursued if possible.” I submit that the intent of the Legislature with respect to when the 90-day timeframe commences remains unclear. This being so, we must construe the statute “with a view to effect [its] objects and to promote justice.” Section 1-2-103, MCA.
¶34 Justice is not served when the time for a decision in administrative matters is completely open-ended. If the timeframe does not commence until after officials making the final decision receive the decision of the hearing officer, then that timeframe will be completely open-ended, as there will be absolutely no constraints or urgency imposed on the hearing officer to make a timely decision. To promote justice and ensure prompt administrative decisions, I therefore submit that “a contested case is considered to be submitted for a final decision” once a contested case hearing has concluded and all post-hearing briefs and arguments have been submitted in accordance with the schedule implemented by the hearing officer. At this point, the 90-day timeframe should commence to run (or 120 days with extension). It bears noting that such a construction would not *268 come as a surprise to DPHHS, which-as the Court notes at ¶ 14 of its Opinion-conceded in these proceedings that the Hearing Officer failed to comply with § 2-4-623, MCA.
¶35 Here, the decision of the Hearing Officer was not entered until 276 days after all post-hearing briefs were submitted, and the decision of the Board came 63 days later. I would conclude the decision was therefore untimely, and would reverse and remand with instructions to vacate the Board’s decision. I dissent from the Court’s refusal to do so.
JUSTICE NELSON joins the Dissent of JUSTICE COTTER.